```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                    :
MICHAEL OSEI
                                    :
    v.                              :   Civil Action No. DKC 15-2502
                                    :
UNIVERSITY OF MARYLAND
UNIVERSITY COLLEGE                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion for reconsideration and leave to amend by Plaintiff Michael Osei ("Plaintiff"). (ECF No. 39). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Background**

A more complete recitation of the factual background can be found in the court's prior memorandum opinion on motions to dismiss by Defendants University of Maryland University College ("UMUC"), the Office of Financial Aid at UMUC (the "Financial Aid Office"), Javier Miyares, Julie Lindenmeier, Clairbourne Patty, Terrence Cooper, and Lynette O'Leary (collectively, "Defendants") and other motions by Plaintiff. (ECF No. 37). In that opinion and its accompanying order, the court granted Defendants' motion under Rule 12(b)(6) of the Federal Rules of

Civil Procedure because Plaintiff's Complaint failed to state a claim upon which relief could be granted. *Id.* Plaintiff now seeks reconsideration of that judgment and leave to amend his Complaint. Defendants did not respond.

**II. Standard of Review**

A district court may not grant a post-judgment motion for leave to amend the complaint unless the court first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b). *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011); *see also Calvary Christian Ctr. v. City of Fredericksburg, Virginia*, 710 F.3d 536, 539 (4th Cir. 2013). The United States Court of Appeals for the Fourth Circuit has stated, however, that "the court need not concern itself with either of those rules' legal standards" in such a case, but should instead "ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a)." *Katyle*, 637 F.3d at 471. Under Rule 15(a), the court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a). Thus, in determining whether vacatur is warranted, the court will deny the motion for leave to amend only for "prejudice, bad faith, or futility." *Katyle*, 637 F.3d at 471 (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).

**III. Analysis**

Plaintiff here failed to attach a proposed amended complaint to his motion. Plaintiff has also provided the court very little information about his proposed amended complaint in the instant motion, saying only that he "does not seek to make new arguments on the substantive issues" and that he instead seeks "to add specificity to allegations in this case." (ECF No. 39-1, at 6-7). In the original complaint and his opposition to the motion to dismiss, Plaintiff did not so much as hint that he had left out recitation of pertinent facts, but he now asserts that his unfiled proposed amended complaint will "cure the facial deficiencies in [his] original complaint." (ECF No. 39-1, at 8). Although leave to amend will be granted liberally, these scant statements of Plaintiff's intent do not justify granting the motion. The failure to supply the proposed amended complaint also prevents the court from effectively evaluating prejudice, bad faith, or futility. Moreover, failure to attach the proposed amended pleading violates this court's Local Rules. *See* Local Rule 103.6(a). In light of the absence of a proposed amended complaint, Plaintiff's motion for reconsideration and for leave to amend is denied.

**IV. Conclusion**

For the foregoing reasons, the motion for reconsideration and for leave to amend filed by Plaintiff Michael Osei will be denied. A separate order will follow.

                                            /s/
                              DEBORAH K. CHASANOW
                              United States District Judge