IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL OSEI                        :
                                    :
                                    :
     v.                             :    Civil Action No. DKC 15-2502
                                    :
UNIVERSITY OF MARYLAND              :
UNIVERSITY COLLEGE, et al.          :

**MEMORANDUM OPINION**

The United States Court of Appeals for the Fourth Circuit remanded this case for the court to consider whether Plaintiff Michael Osei should be granted leave to amend his complaint.[1] The court now rules on the briefs with no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be denied, but he will be provided one final opportunity to supply the court with a proposed amended complaint.[2]

**I. Background**

A complete recitation of the factual background can be found in the court's prior memorandum opinion granting the

---

[1] Plaintiff requested leave to amend his complaint within a standard of review paragraph in his opposition to Defendants' motion to dismiss, which the court did not consider. (*See* ECF No. 30-1, at 13).

[2] On May 2, 2018, Plaintiff filed a motion to postpone the court's decision regarding his pending motion for leave to amend. (ECF No. 65). Plaintiff's motion is denied. However, the court takes into consideration that Plaintiff requests sixty days to retain counsel to file a proposed amended complaint.

motion to dismiss filed by Defendants University of Maryland University College ("UMUC"), the Office of Financial Aid at UMUC (the "Financial Aid Office"), Javier Miyares, Julie Lindenmeier, Clairbourne Patty, Terrence Cooper, and Lynette O'Leary (collectively, "Defendants") and denying other motions filed by Plaintiff.  (ECF No. 37).  This court granted Defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff's complaint failed to state a claim upon which relief could be granted.  *Id.*  On September 15, 2016, Plaintiff filed a motion for reconsideration and for leave to amend within sixty days (ECF No. 39).[3]  That same day, Plaitiff also filed a notice of appeal to the Fourth Circuit (ECF No. 40).  Plaintiff's motion was denied because he failed to attach a proposed amended complaint pursuant to Local Rule 103.6 and "provided the court very little information about his proposed amended complaint[,]" preventing the court from effectively evaluating prejudice, bad faith, or futility under Fed.R.Civ.P. 15(a).  (ECF No. 44, at 3).  On February 6, 2018, the Fourth Circuit vacated this court's judgment dismissing Plaintiff's complaint and remanded the case to decide whether leave to amend should be granted.  *Osei v. Univ. of Md. Univ. Coll.*, 710 F.App'x 593, 593 (4th Cir. Feb. 6,

---

[3] Plaintiff suggested that "60 days is appropriate to allow Plaintiff adequate time to search and retain counsel for counsel to review the case and file an appropriate amended complaint." (ECF No. 39-1, at 9 n.2).

2

2018). On February 20, Plaintiff filed a motion for leave to amend, requesting sixty days to retain an attorney and have the attorney file a proposed amended complaint. (ECF No. 51). The court denied Plaintiff's motion without prejudice because the court lacked jurisdiction until the Fourth Circuit issued its mandate. (ECF No. 52). After a telephone conference held on March 14, the court directed Plaintiff to supplement his request for leave to amend the complaint or advise the court if no supplement would be filed by March 23. (ECF No. 56). Plaintiff filed the supplement to his motion for leave to amend on March 26.[4] (ECF No. 61). Again, Plaintiff requested sixty days to retain an attorney to file the proposed amended complaint. (*Id.* at 26).[5] Defendants submitted their response on April 13. (ECF

---

[4] Plaintiff requested that his supplemental brief be accepted "as timely-filed due to exigencies caused by Snowstorm inclement weather between March 19-23, 2018 in the Pennsylvania-Maryland area." (ECF No. 61, at 1). The court construes this request as a motion for leave to allow late filing pursuant to Fed.R.Civ.P. 6(b). Fed.R.Civ.P. 6(b)(1)(B) permits the court, for good cause shown, to grant an extension of time, even after the expiration of a period, if the failure to act is the result of "excusable neglect" – including intervening circumstances beyond a party's control. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Here, Plaintiff avers that the delay was due to inclement weather – a circumstance beyond his control. Only a three-day delay resulted and there was no prejudice to Defendants who submitted their response on April 13. Plaintiff's motion for leave to allow for late filing will be granted.

[5] Plaintiff states that he "waits to retain an attorney after the leave to amend the complaint is granted." (ECF No. 61-1, at 13 n.6).

3

No. 63). On May 2, Plaintiff replied (ECF No. 64) and filed a motion to postpone the court's decision regarding his motion for leave to amend for sixty days to allow Plaintiff to retain counsel and have counsel file a proposed amended complaint (ECF No. 65).[6]

## II. Standard of Review

Fed.R.Civ.P. 15(a)(2) provides that courts "should freely give leave when justice so requires." "Denial of leave to amend should occur 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Jarallah v. Thompson*, 123 F.Supp.3d 719, 728 (D.Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile if it is clearly insufficient or frivolous on its face and would not survive a motion to dismiss. *See Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 769 (D.Md. 2010). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, that when accepted as true, is sufficient to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff

---

[6] Plaintiff requests that the court "permit him to file" his reply that was filed on May 2 after it was due on April 27. (ECF No. 64, at 1 n.1). The court accepts and considers Plaintiff's reply in this decision.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

**III. Analysis**

Plaintiff did not properly file a motion for leave to amend, nor has he presented the court with a proposed amended complaint to determine whether leave to amend should be granted. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (stating that a motion for leave to amend was "never properly made" where the plaintiffs "requested leave to amend only in a footnote of their response to defendants' motion for leave to amend, and again in the final sentence of their objections to the recommendation of the magistrate judge" and did not present the district court with a proposed amended complaint); *see also U.S. ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004) ("While [Fed.R.Civ.P.] 15(a) provides that leave to amend shall be freely given when justice so requires, a bare request in an opposition to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)." (citation omitted)). The Fourth Circuit's remand does not state that Plaintiff properly filed a motion for leave to amend or that

leave to amend should be granted but rather that the court failed to consider leave to amend and should do so now.

Plaintiff argues that "no controlling or instructive law" requires him to attach a proposed amended complaint to his request for leave to amend. (ECF No. 61-1, at 11). As recognized by the Fourth Circuit, "Local Rule 103.6 of the District Court of Maryland requires that a party requesting leave to amend provide a copy of the proposed amendment to the court." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009). The Fourth Circuit has also stated, "[b]y violating this Rule, the plaintiff[] fail[s] to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint." *Id.* Although "[f]ailure to comply strictly with the dictates of Local Rule 103.6 by itself is not fatal" to a *pro se* plaintiff's motion for leave to amend, s*ee Jassie v. Mariner*, No. DKC-15-1682, 2016 WL 3218725, at *3 (D.Md. June 10, 2016), "where . . . the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, 'the district court [does] not abuse its discretion'" in denying a motion to amend the complaint, *Estrella v. Wells Fargo Bank*, N.A., 497 F.App'x 361, 362 (4th Cir. 2012) (quoting *Francis*, 588 F.3d at 197 (the district court did not abuse its discretion in denying leave to

amend when the plaintiff "did not inform the court as to what amendment was being sought")). *See Milligan v. Brady*, No. RWT-10-2107, 2011 WL 1833346, at *1 n.1 (D.Md. May 13, 2011) ("As a pro se litigant, [the plaintiff's] failure to comply with Local Rule 103.6 is not fatal to her request for leave to amend, and the [c]ourt concludes that *her filing contains sufficient information to consider her request without additional briefing*." (emphasis added)); *Awah v. Bd. of Educ. of Balt. Cty.*, No. WMN-09-1044, 2010 WL 1929908, at *2 (D.Md. May 11, 2010) (refusing to deny the *pro se* plaintiff's motion to amend when the plaintiff filed a proposed amended complaint but did not file a red-line copy and there was no prejudice to the defendant).

Plaintiff's repeated failure to file a proposed amended complaint pursuant to Local Rule 103.6 – even after explicit instruction from the court - is sufficient to deny the pending motion. *See Jassie*, 2016 WL 3218725, at *4; *Smith v. Treasury Inspector Gen. for Tax Admin.*, No. JKB-11-2033, 2012 WL 11110, at *2 (D.Md. Jan. 3, 2012), *aff'd sub nom. Smith v. Treasury Inspection Gen. for Tax Admin.*, 474 F.App'x 929 (4th Cir. 2012) ("Ordinarily, this failure would be grounds for denying a motion for leave to amend or for holding a motion in abeyance until the necessary documents are received."). As the court stated in its

memorandum opinion denying Plaintiff's motion for reconsideration and leave to amend:

> Plaintiff here failed to attach a proposed amended complaint to his motion. Plaintiff has also provided the court very little information about his proposed amended complaint in the instant motion, saying only that he "does not seek to make new arguments on the substantive issues" and that he instead seeks "to add specificity to allegations in this case." (ECF No. 39-1, at 6-7). In the original complaint and his opposition to the motion to dismiss, Plaintiff did not so much as hint that he had left out recitation of pertinent facts, but he now asserts that his unfiled proposed amended complaint will "cure the facial deficiencies in [his] original complaint." (ECF No. 39-1, at 8). Although leave to amend will be granted liberally, these scant statements of Plaintiff's intent do not justify granting the motion.

(ECF No. 44, at 3). To date, Plaintiff still has not submitted a proposed amended complaint and again states that he "will add specificity to allegations in this case or controversy, which [D]efendants are aware of." (ECF No. 61-1, at 12). Plaintiff also states that "the amended Complaint will categorically include the expulsion on the face of the Complaint." (ECF No. 64, at 17). Plaintiff contends that his amended complaint "will not be futile because [he] can amend his Complaint to include facts as to whether he is the person who sent the alleged fraudulent documents to [D]efendants or somebody else did." (ECF No. 61-1, at 19). The substance of Plaintiff's complaint

8

is his challenge to UMUC's decision to expel Plaintiff for submitting fraudulent documents in support of his request for additional financial aid. Plaintiff appears to seek to challenge his expulsion by alleging that someone else sent the fraudulent documents to Defendants. It is not at all clear why amending the complaint to include facts that someone other than Plaintiff submitted the fraudulent documents to the financial aid office would cure any of the defects in Plaintiff's initial complaint. (*See* ECF No. 37, at 11-31).

> Although the court retains discretion to consider a motion for leave to amend even if made improperly, the pending motion fails to provide [Defendants], or the court with a clear indication of what new allegations Plaintiff intends to assert. Thus, Plaintiff's failure to observe the Local Rules is prejudicial, and his motion will be denied.

*Jassie*, 2016 WL 3218725, at *4. Plaintiff's motion for leave to amend will be denied. Out of an abundance of caution, however, Plaintiff will be provided one final period of thirty days to file a proposed amended complaint with the opportunity to request an extension of time if Plaintiff provides the court with specific information about what efforts he has made to retain an attorney and what factual allegations he wishes to add with regard to what causes of action. Since September 15, 2016, when Plaintiff filed his motion for reconsideration and for leave to amend, Plaintiff has stated multiple times that he

9

needs time to retain counsel to file an amended complaint. To this date, Plaintiff has not done so. The court will not permit Plaintiff to delay the resolution of this case indefinitely. If Plaintiff fails to file a timely proposed amended complaint as permitted, the case will be dismissed with prejudice.

**IV. Conclusion**

For the foregoing reasons, the motion for leave to amend filed by Plaintiff Michael Osei will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
