IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL OSEI                           :

                                       :

   v.                                  :   Civil Action No. DKC 15-2502

                                       :

UNIVERSITY OF MARYLAND
UNIVERSITY COLLEGE, et al.       :

**MEMORANDUM OPINION**

The United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's interlocutory appeal, conveying jurisdiction back to this court regarding whether Plaintiff Michael Osei should be granted leave to amend his complaint.[1] The court now rules on the briefs with no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion for extension of time to file proposed amended complaint and stay of proceedings pending notice of interlocutory appeal, motion for leave to exceed page length limitations in reply brief, and motion to strike defendants' responses for waiver of arguments and/or motion for reconsideration will be denied as moot, but he will be provided an extension of time to supply the court with a proposed amended complaint.

---

[1] The Fourth Circuit granted Plaintiff's motion voluntarily to dismiss his interlocutory appeal pursuant to Federal Rule of Appellate Procedure 42(b) on August 31, 2018. (ECF No. 82).

## I.  **Background**[2]

The United States Court of Appeals for the Fourth Circuit remanded this case on February 6, 2018 for the court to consider whether Plaintiff Michael Osei should be granted leave to amend his complaint.  (ECF No. 50).  The court convened a conference call with the parties on March 14, 2018 and entered a briefing schedule.  (ECF No. 56).  Plaintiff was instructed that he must file a supplement to his motion for leave to amend the complaint by March 23, 2018 or, alternatively, notify the court of his decision not to supplement by the same date.  (*Id.*).  Plaintiff filed a supplement to his motion for leave to amend on March 26, 2018, requesting an additional sixty days to retain an attorney who could assist him in preparing and filing the proposed amended complaint.  (ECF No. 61).  Because Plaintiff did not file a proposed amended complaint, the court was unable to grant Plaintiff's motion.  However, in a May 8, 2018 Order, the court provided Plaintiff "thirty days to file a proposed amended

---

[2] A complete recitation of the factual background can be found in the court's prior memoranduma granting the motion to dismiss filed by Defendants University of Maryland University College ("UMUC"), the Office of Financial Aid at UMUC (the "Financial Aid Office"), Javier Miyares, Julie Lindenmeier, Clairbourne Patty, Terrence Cooper, and Lynette O'Leary (collectively, "Defendants") and denying other motions filed by Plaintiff.  (ECF No. 37).

complaint with the opportunity to request an extension of time if Plaintiff provides the Court with specific information about what efforts he has made to retain an attorney and what factual allegations he wishes to add with regard to what causes of action." (ECF No. 66, at 9).

Plaintiff filed an interlocutory appeal (ECF No. 68) and a motion for extension of time to file a proposed amended complaint and to stay proceedings in this court pending his appeal on June 12, 2018. (ECF No. 69). His motion requests additional time to file the motion for leave to amend and the proposed amended complaint because he has not yet retained an attorney. Defendants filed a response in opposition to Plaintiff's motion for extension of time on June 28, 2018. (ECF No. 74). Plaintiff filed a reply (ECF No. 75), a motion for leave to exceed page length limitations in reply brief (ECF No. 76), a supplement to his reply (ECF No. 77), and a supplement to his motion for extension of time (ECF No. 78) on August 3, 2018. Plaintiff filed a motion to strike defendants' responses to his motion for extension of time and for reconsideration on August 29, 2018. (ECF No. 80).

## II. Analysis

As previously discussed in the court's May 8, 2018 Memorandum Opinion, "Local Rule 103.6 of the District Court of Maryland requires that a party requesting leave to amend provide a copy of the proposed amendment to the court." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009). Local Rule 103.6 states: "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion." (D.Md. 2016). "By violating this Rule, the plaintiff[] fail[s] to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint." *Francis*, 588 F.3d at 197. Despite continued direction from the court to do so, Plaintiff has not filed a proposed amended complaint.

After Defendants responded (ECF No. 74) to Plaintiff's motion for extension of time (ECF No. 69), Plaintiff replied that "[i]n addition to what Plaintiff's incoming [a]ttorney would plead, Plaintiff intends to bring another [d]efamation & [f]alse [l]ight cause of action against defendants for falsely accusing Plaintiff" (ECF No. 75, at 12). Plaintiff's discussion of proposed new allegations in his reply is not a substitute for

compliance with Local Rule 103.6. *See Davidson v. Sarnova, Inc.*, No. CV JKB-17-1067, 2017 WL 5564654, at *6 (D.Md. Nov. 20, 2017) (finding that Plaintiff must "file a proper motion to amend her complaint that is accompanied by the original of the proposed amended pleading" even though "Plaintiff included her proposed new allegations in her current motion").

Plaintiff's June 12, 2018 motion for extension of time requested an additional period of 60 days to finalize his legal representation and prepare his proposed amended complaint. However, over six months have passed since Plaintiff filed his motion for extension of time wherein Plaintiff had a surplus of time to locate and begin working with an attorney. Thus, the additional 60 days requested in his motion for extension of time is deemed moot. Instead, out of continued caution and taking into account the time consuming nature of Plaintiff's recently dismissed interlocutory appeal, Plaintiff is granted an additional final period of 30 days to file a proposed amended complaint.[3]

---

[3] "As a *pro se* litigant, Plaintiff's pleadings are held to a less stringent standard than formal pleadings drafted by lawyers." *Awah v. Bd. of Educ. of Baltimore Cty.*, No. CIV.A. WMN-09-CV1044, 2010 WL 1929908, at *2 (D.Md. May 11, 2010) (but also noting that the court "expect[ed] compliance with Local

"'Where . . . the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, the district court does not abuse its discretion' in declining to grant a motion to amend the complaint." *Bock v. Florists' Transworld Delivery Inc.*, No. CIV. WDQ-12-3702, 2013 WL 5276551, at *7 (D.Md. Sept. 16, 2013) (quoting *Estrella v. Wells Fargo Bank, N.A.,* 497 Fed. App'x 361, 362 (4th Cir. 2012)). As Plaintiff was already warned, the resolution of this case will not be delayed indefinitely due to Plaintiff's procedural filibusters. Pursuant to the requirements of Local Rule 103.6, Plaintiff's motion for leave to amend will be denied if Plaintiff fails to file his amended complaint within 30 days.

For the foregoing reasons, the motion for extension of time to file proposed amended complaint and stay of proceedings pending notice of interlocutory appeal will be denied as moot. Because Plaintiff's secondary motions for leave to exceed page length limitations in reply brief (ECF No. 76) and strike defendants' responses and/or for reconsideration (ECF No. 80)

---

Rule 103.6 going forward should Plaintiff seek any further amendments to pleadings").

are based on Plaintiff's original motion for leave to amend, they are also denied as moot. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
