```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| MICHAEL OSEI                 | : |                              |
|                              | : |                              |
| v.                           | : | Civil Action No. DKC 15-2502 |
|                              | : |                              |
| UNIVERSITY OF MARYLAND       |   |                              |
| UNIVERSITY COLLEGE, et al.   | : |                              |

**MEMORANDUM OPINION**

Michael Osei ("Plaintiff") filed a motion to stay order in this civil rights action on February 2, 2019. (ECF No. 86). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be denied.

**I.   Background**

A complete recitation of the factual background can be found in the court's prior memorandum granting the motion to dismiss filed by Defendants University of Maryland University College ("UMUC"), the Office of Financial Aid at UMUC (the "Financial Aid Office"), Javier Miyares, Julie Lindenmeier, Clairbourne Patty, Terrence Cooper, and Lynette O'Leary (collectively, "Defendants") and denying other motions filed by Plaintiff. (ECF No. 37). In that opinion and its accompanying order, the court granted Defendants' motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's complaint failed to state a

claim upon which relief could be granted. *Id*. Plaintiff requested leave to amend his complaint within a standard of review paragraph in his opposition to Defendants' motion to dismiss, which the court did not consider. (*See* ECF No. 30-1, at 13). On appeal, the United States Court of Appeals for the Fourth Circuit remanded this case for the court to consider whether Plaintiff Michael Osei should be granted leave to amend his complaint. (ECF No. 50).

Plaintiff filed a supplement to his motion for leave to amend on March 26, 2018, requesting an additional sixty days to retain an attorney who could assist him in preparing and filing the proposed amended complaint. (ECF No. 61). Because Plaintiff did not file a proposed amended complaint, the court denied Plaintiff's motion for leave to amend without prejudice and provided him "thirty days to file a proposed amended complaint with the opportunity to request an extension of time if Plaintiff provides the Court with specific information about what efforts he has made to retain an attorney and what factual allegations he wishes to add with regard to what causes of action." (ECF No. 66, at 9).

Instead of filing a proposed amended complaint or detailing his efforts to retain an attorney, Plaintiff filed an interlocutory appeal (ECF No. 68) and a motion for extension of time to file a proposed amended complaint and to stay proceedings in this court

2

pending his appeal on June 12, 2018 (ECF No. 69). Similar to the supplement to his March 26, 2018 motion for leave to amend, the motion stated that Plaintiff was in the process of securing an attorney and requested additional time to file the motion for leave to amend and the proposed amended complaint. The United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's interlocutory appeal on August 31, 2018, conveying jurisdiction back to this court regarding whether Plaintiff Michael Osei should be granted leave to amend his complaint.[1] In a January 7, 2019 memorandum opinion and order, the court granted Plaintiff "an additional final period of 30 days to file a proposed amended complaint." (ECF Nos. 84 & 85).

**II. Analysis**

Plaintiff's motion to stay order requests a stay "until all matters regarding Plaintiff's appellate remanded prejudgment motion for leave to amend the complaint are fully addressed either by this [c]ourt or by the [a]ppellate [c]ourt." (ECF No. 86, at 8). Plaintiff's motion further asserts that a stay of the court's January 7, 2019 order is appropriate because the court must "perform its judicial duty and address all ignored [l]egal

---

[1] Specifically, the Fourth Circuit granted Plaintiff's motion voluntarily to dismiss his interlocutory appeal pursuant to Federal Rule of Appellate Procedure 42(b). (ECF No. 82).

[a]rguments in Plaintiff's prior motions and [b]riefs in ECF No[s]. 77 . . . [and] 80." (*Id.*, at 9). Defendants argue that "Plaintiff's request for leave to amend his complaint should be denied" because he failed to comply with the court's January 7, 2019 order. (ECF No. 87, at 2-3).

A district court possesses broad discretion to stay proceedings as part of its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Plaintiff is entitled to a stay if he demonstrates that a pressing need exists, *id.* at 255, and "that that need outweighs any possible harm to the interests of the non-moving party." *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, No. JKB-09-2657, 2011 WL 836673, at *1 (D.Md. Mar. 3, 2011) (citing *In re Sacramento Mun. Util. Dist.*, 395 F.App'x 684, 687-88 (Fed.Cir. 2010)).

Plaintiff has failed to demonstrate a pressing need for a stay. Plaintiff argues that the court must stay his case to address the legal arguments in his response to Defendant's motion to dismiss. (*See* ECF No. 30-1). However, the court already addressed the arguments advanced in Plaintiff's opposition to Defendant's motion to dismiss (ECF Nos. 37 & 38), and on appeal

4

the Fourth Circuit issued only a limited remand "to allow the court to decide whether leave to amend should be granted." (ECF No. 50, at 3).

As previously discussed in the court's May 8, 2018 and January 7, 2019 memorandum opinions, "Local Rule 103.6 of the District Court of Maryland requires that a party requesting leave to amend provide a copy of the proposed amendment to the court." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009). Local Rule 103.6 states: "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion." "By violating this Rule, the plaintiff[] fail[s] to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint." *Francis*, 588 F.3d at 197. Over a year has elapsed since Plaintiff's original request for sixty days to retain counsel to file a proposed amended complaint. (ECF No. 61). On two occasions, the court directed Plaintiff to file a proposed amended complaint and provided him with extensions of time to do so. (ECF Nos. 66 & 84). Nevertheless, Plaintiff failed to comply with Local Rule 103.6 and continues flagrantly to ignore the court's orders by refusing to file a proposed amended complaint. "'Where . . . the plaintiff fails to formally move to

5

amend and fails to provide the district court with any proposed amended complaint . . . the district court does not abuse its discretion' in declining to grant a motion to amend the complaint." *Bock v. Florists' Transworld Delivery Inc.*, No. CIV. WDQ-12-3702, 2013 WL 5276551, at *7 (D.Md. Sept. 16, 2013) (quoting *Estrella v. Wells Fargo Bank, N.A.,* 497 Fed.App'x 361, 362 (4th Cir. 2012)).

Plaintiff appears to defend his decision not to file a proposed amended complaint by asserting that, because his August 3, 2018 reply indicated that he intends to bring another defamation & false light cause of action against defendants (ECF No. 75, at 12), he has fulfilled the requirements of Local Rule 103.6 (ECF No. 88, at 9). However, as stated in the court's January 7, 2019 memorandum opinion, Plaintiff's discussion of proposed new allegations in his reply is not a substitute for compliance with Local Rule 103.6. *See Davidson v. Sarnova, Inc.*, No. CV JKB-17-1067, 2017 WL 5564654, at *6 (D.Md. Nov. 20, 2017) (finding that Plaintiff must "file a proper motion to amend her complaint that is accompanied by the original of the proposed amended pleading" even though "Plaintiff included her proposed new allegations in her current motion"). Thus, given the Fourth Circuit's limited remand and Plaintiff's refusal to file a proposed amended complaint, Plaintiff's argument that the court must address the

legal arguments in his reply to Defendant's motion to dismiss does not demonstrate a pressing need for a stay.

Plaintiff's additional argument that the court must stay his case to address the legal arguments in his supplement to reply to his motion for extension of time (ECF No. 77) and motion to strike defendants' responses to his motion for extension of time and for reconsideration (ECF No. 80) is also without merit.  The arguments advanced in Plaintiff's supplement and motion to strike were deemed moot due to Plaintiff's refusal to file a proposed amended complaint.  (See ECF Nos. 84 & 85).  Thus, the motions were already resolved and require no further disposition.

Plaintiff's motion for leave to amend was denied without prejudice on May 8, 2018.  (See ECF No. 66).  Despite an additional opportunity and ample time to do so, Plaintiff has not complied with the amendment requirements of Local Rule 103.6.  Thus, Plaintiff's motion for leave to amend will be denied with prejudice.

For the foregoing reasons, Plaintiff's motion to stay order will be denied and Plaintiff's motion for leave to amend will be denied with prejudice.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
