IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL OSEI                    :

   v.                           :    Civil Action No. DKC 15-2502

UNIVERSITY OF MARYLAND          :
UNIVERSITY COLLEGE, et al.      :

**MEMORANDUM OPINION**

On May 31, 2019, Plaintiff Michael Osei filed a motion pursuant to Fed.R.Civ.P. Rule 60(a), requesting the court to alter its Memorandum Opinion issued May 10, 2019. (ECF No. 91).[1] Plaintiff alleges that this court "recklessly misrepresents Plaintiff's arguments" and requests that the court "correct the identified errors." (ECF No. 91, at 2-3). Attached to Plaintiff's motion is a copy of the court's Memorandum Opinion containing handwritten notes that identify specific areas of dispute. (ECF No. 91-2). Then, on June 10, 2019, Plaintiff also filed a Notice of Appeal of the court's May 10, 2019 Memorandum Opinion and Order (ECF Nos. 89-90) with the United States Court of Appeals for the Fourth Circuit. (ECF No. 92).

---

[1] A motion filed within 28 days after the entry of judgment is analyzed under Fed.R.Civ.P. 59, and tolls the time for filing an appeal. Fed.R.App. 4(a)(4)(A)(iv); *Colter v. Omni Insurance Co.*, 718 Fed.Appx. 189, 190 (4th Cir. 2018).

Defendants filed a response in opposition to Plaintiff's motion on June 14, 2019, arguing that "the 'errors' identified by Plaintiff are not clerical mistakes or omissions, but instead are challenges to the [c]ourt's recitation of the procedural history of the case and its substantive findings." (ECF No. 94). Plaintiff filed a reply on July 8, 2019, challenging many of Defendants' assertions (ECF No. 96, at 3-8) and indicating that, because the court "failed to correct the identified errors, Plaintiff will now focus on his Appeal and stand upon the uncorrected blatant errors in this Court's opinion[.]"[2] (*Id., at* 8).

The issues are briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Plaintiff's motion will be denied.

Fed.R.Civ.P. 60(a) permits relief from a judgment or order to "correct clerical mistakes; oversights and omissions." This rule is "properly utilized to perform a completely ministerial task (such as making a judgment more specific in the face of an original omission), but not to revisit the merits of the question or

---

[2] It is unclear from Plaintiff's assertion that he will "focus on his [a]ppeal and stand upon the uncorrected blatant errors in this [c]ourt's opinion" if he seeks to withdraw the pending 60(a) motion. (ECF No. 96, at 8). Because of this ambiguity, the court will proceed as though Plaintiff is not withdrawing the motion. Moreover, the end result — the court making no changes to the June 6, 2019 Memorandum Opinion (ECF No. 89) — will remain the same.

2

reconsider the matter." *Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I*, 275 F.App'x. 199, 204–05 (4th Cir. 2008) (quoting *Kosnoski v. Howley,* 33 F.3d 376, 379 (4th Cir. 1994) (internal quotation marks omitted)). In other words, "a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 Charles A. Wright *et al.*, Federal Practice and Procedure § 2854, at 303 (footnote omitted)..

Plaintiff provides no grounds for relief under Rule 60(a), but rather notes his disagreement with the court's wording and conclusion.[3] (*See* ECF No. 91-1). Mere disagreement with the law

---

[3] In the Memorandum Opinion filed on May 10, 2019, the court stated: "Instead of filing a proposed amended complaint or detailing his efforts to retain an attorney, Plaintiff filed an interlocutory appeal (ECF No. 68) and a motion for extension of time to file a proposed amended complaint and to stay proceedings in this court pending his appeal (ECF No. 69)[.]" (ECF No. 89). Plaintiff argues that this statement is "erroneous" because he included direct statements regarding and an attachment showing his correspondence with attorney[s] in the latter motion (ECF No. 69). (ECF No. 91-1, at 3).

Plaintiff appears to disagree more with the court's phrasing and characterization rather than identify a "clerical mistake; oversight or omission" remediable under Rule 60(a). Moreover, even if this constituted a mistake as Plaintiff contends, "making these minute, factual changes will not alter the [o]pinion of the [c]ourt" and therefore does not entitle Plaintiff to relief under Rule 60(a). *Bond v. U.S. Dept. of Justice*, 286 F.R.D. 16, 23 (D.D.C. 2012), *aff'd*, No. 12-5296, 2013 WL 1187396 (D.C.Cir. Mar. 14, 2013).

as applied by this court is not a basis for relief under Rule 60(a), and Plaintiff's motion will be denied.

Plaintiff's motion could be construed as a motion for reconsideration, governed by Federal Rule of Civil Procedure 59(e), because it was filed within 28 days of the underlying order. *See Sewell v. Commodity Futures Trading Comm'n*, No. 16-cv-02457-PX, 2017 WL 6422376, at *1 (D.Md. Sept. 12, 2017) ("Because [the] motion [for reconsideration] . . . was filed within 28 days following the entry of the [o]rder at issue . . . the [c]ourt will construe [the] motion as one filed under Rule 59(e)."). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1, at 127-28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002) ("To the extent that

Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."), *aff'd*, 86 F.App'x. 665 (4th Cir. 2004) (internal citation omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright & Miller, Federal Practice & Procedure § 2810.1, at 124).

Plaintiff has not sufficiently addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable. The court will not rehash the same arguments considered and rejected by the court in deciding the prior motions. *See Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08-cv-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011) ("[A] motion for reconsideration 'is not the proper place to relitigate a case after the court has ruled against a party,' as 'mere disagreement' with a court's rulings will not support granting such a request.") (internal citations omitted).

In sum, the court finds no reason to justify amending its prior ruling and Plaintiff's motion will be denied.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
